IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Donn Mathianas, Joshua Mathianas, and Jayne Mathianas,<br><br>    Plaintiffs,<br>v.<br><br>Progressive Northern Insurance Company,<br><br>    Defendant. | Case No. 9:25-cv-00276-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion to remand. (Dkt. No. 8). Defendant responded in opposition (Dkt. No. 9), and Plaintiffs replied (Dkt. No. 10). For the reasons set forth below, the Court denies Plaintiffs' motion.

  **I.**  **Background**

Plaintiffs filed suit against Defendant in state court on April 15, 2024, alleging Defendant failed to settle claims arising from Plaintiffs' automobile insurance policy in bad faith. (Dkt. No. 1-1). Plaintiffs' Complaint seeks $1,691.00 in actual damages (plus interest) as well as unspecified punitive damages. (*Id.*). Defendant removed the action to federal court on January 15, 2025, citing Plaintiffs' response to Defendant's Requests to Admit that denied the amount in controversy did not exceed $75,000.00. (Dkt. No. 1, ¶ 1). Plaintiffs now move to remand the action to state court, arguing that Defendant's removal was untimely under 28 U.S.C. § 1446(b)(1).

  **II.**  **Legal Standard**

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*,

1

519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F. 3d at 151 (citations omitted), *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III.   Discussion

The Court finds that Defendant's motion was timely under 28 U.S.C. § 1446(b)(1), such that removal of this action from state to federal court was proper. The removal statute provides that a defendant seeking to remove a civil action to federal court "shall" file a notice of removal "within 30 days after the receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The statute continues that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Defendant cites Plaintiffs' response to its Requests to Admit, where Plaintiffs denied that the amount in controversy was less than $75,000,000, as the relevant "paper from which it may first be ascertained that the case is one which is or has become removable." (Dkt. No. 9 at 7) (citing Dkt. No. 1-3, ¶ 1). Defendant removed this case on January 15, 2025—within 30 days of

receiving Plaintiffs' Responses to its Requests to Admit on December 17, 2024. (Dkt. No. 1; Dkt. No. 1-3).

Plaintiffs argue that "Defendant knew that the amount in controversy exceeded $75,000.00 without Plaintiff explicitly stating the same in her Complaint." (Dkt. No. 8 at 4). Plaintiffs claim that "Defendant, represented by one of South Carolina's premier law firms, knew that a substantial amount of punitive damages would be necessary and sought after to alter the behavior of the second largest auto insurance provider in the United States" so "[t]he fact that the compensatory damages in this case amount to $281.00 is irrelevant to whether the amount in controversy exceeds the jurisdictional requirement." (*Id.*).

The Court finds no support for Plaintiffs' unsubstantiated argument. Rather, as numerous courts in this district have found, Plaintiffs' plea for unspecified punitive damages in its Complaint did not establish the jurisdictional minimum had been met, such that Defendant could not ascertain the case was removable at the time of its filing. *See, e.g.*, *Hamilton v. Ocwen Loan Servicing, LLC*, No. 9:12-CV-03111-PMD, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); *SNB Properties v. CMH Homes, Inc.*, No. 1:22-CV-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) ("[T]he mere existence for punitive damages will not establish to a 'legal certainty' or 'reasonable probability' that the amount in controversy exceeds $75,000.") (citation omitted). Defendant properly removed the case within 30 days of receiving Plaintiffs' Responses to its Requests to Admit— the "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### IV. Conclusion

In light of the foregoing, Plaintiffs' motion is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

February 24, 2025
Charleston, South Carolina